LISAUIS v. JOHN HANCOCK MUTUAL LIFE INSURANCE CO.

1. Equity—Motion to Dismiss—Admission.

An admission in a motion to dismiss a cross bill is not an admission of the alleged facts set up in the pleading, except for the purposes of the motion.

2. Insurance—Group Policy—Change of Beneficiary—Evidence —Pleadings.

In suit by employee's widow to recover proceeds of certificate issued to him under group life insurance policy but which had designated deceased's brother as beneficiary, plaintiff, under pleadings, was required to prove execution and notification of the alleged change of beneficiary and, where no proofs were taken in the case, court was in error in entering decree for plaintiff on the pleadings.

Appeal from Wayne; Miller (Guy A.), J. Submitted June 8, 1945. (Docket No. 62, Calendar No. 43,079.) Decided December 3, 1945.

Bill by Cecelia Lisauis against John Hancock Mutual Life Insurance Company, a Massachusetts corporation, and Frank Lisauis for determination that plaintiff is entitled to proceeds of a group life insurance policy. Cross bill of interpleader by defendant life insurance company against other parties. Cross bill by plaintiff against defendant Frank Lisauis to determine that plaintiff is entitled to proceeds of the policy. Motion for judgment on pleadings by defendant Lisauis. Decree for plaintiff. Defendant Lisauis appeals. Reversed and remanded for hearing.

*Morry M. Fenton* and *Samuel H. Rubin,* for plaintiff.

*Daniel P. Cassidy,* for defendant Lisauis.

WIEST, J. In the bill of complaint filed herein against defendants, Cecelia Lisauis alleged her husband Tony, a factory employee, held a certificate of life insurance to the amount of $1,500, issued by the defendant John Hancock Mutual Life Insurance Company, in which his brother, Frank Lisauis, was designated beneficiary; that on March 6, 1944, her husband became ill and by written certificate designated her as the beneficiary and directed her to attend promptly to proper notification of the change. She also alleged that her husband was taken to a hospital and on March 11th died; that by reason of her attendance at his bedside the change of beneficiary was not brought to the attention of the insurance company until March 23, 1944. She asked the court to adjudge her the beneficiary.

Defendant Frank Lisauis, the original beneficiary, by answer, left plaintiff to prove the execution of the alleged direction changing the beneficiary. The defendant insurance company, by answer, also left plaintiff to prove execution of the alleged writing

changing the beneficiary and, by cross bill, asked the court to require the two beneficiary claimants to interplead as to their alleged rights to the insurance.

Under the insurance, the insurer paid the funeral expenses of the deceased to the amount of $250; by consent of the parties paid $100 as attorney fee and, by order of the court, paid into court the sum of $1,150, to be awarded by the court to the beneficiary entitled thereto.

In the cross bill of interpleader the defendant insurer set up the group policy in suit providing in part as follows:

"Subject to the terms of this policy applicable hereto, upon receipt of due proof on the company's prescribed forms at its home office of the death during the continuance of this policy or any renewal thereof of an employee while insured hereunder for the group life insurance, the company shall pay to the beneficiary of record of such employee the sum of $1,500. * * *

"The employee may from time to time change the beneficiary by filing written notice thereof, accompanied by his certificate, with the insurance company's office of the branch or plant of the employer where he is employed. * * * Such change shall take effect upon indorsement by an authorized representative of the company on the certificate, and not otherwise. * * *

"The company may, at its discretion, deduct from the sum payable on account of the death of an insured employee an amount not to exceed $250 to be paid to any person or persons, other than the employer, appearing to the company to be equitably entitled to the payment by reason of having incurred expenses on behalf of the employee or for his burial; the liability of the company will thereby be completely discharged to the extent of the amount so paid."

The answer in the nature of a cross bill then set up that the cross-defendant ''Frank. Lisauis has made claim to the proceeds of said insurance on the ground that he was the designated beneficiary of said certificate of insurance at the time of the death of the said insured Tony Lisauis.''

The insurer admits it has no claim upon the insurance and is willing to pay the amount due thereon to the person or persons as the court should direct.

In answer to the cross bill of interpleader plaintiff stood upon her original bill of complaint. In answer to the cross bill of interpleader defendant Frank Lisauis claimed payment should be made to him as the beneficiary.

Attorneys for plaintiff moved for decree in her favor on the pleadings. The court filed an opinion granting a decree in favor of plaintiff but in a supplemental opinion the court granted leave to plaintiff to file an amended bill of complaint to ''clarify the situation with a view of having pleadings present upon their face the exact situation as to whether or not everything was done by the insured and by his proposed beneficiary that could have been done, with the single exception of delivering the certificate of insurance and his request for a change of beneficiary before his death.''

Thereupon plaintiff filed a cross bill of complaint to the cross bill of complaint of the insurance company, alleging issuance of the certificate of insurance under a group policy of insurance to her husband; that he became ill and executed the aforementioned certificate of change of beneficiary; alleged reasons why there was delay until after the death of her husband in presenting the certificate and the writing changing the beneficiary and asked the court to adjudge her the lawful beneficiary and

entitled to the proceeds of the insurance. Frank Lisauis moved to dismiss plaintiff's cross bill of complaint.

The court in the decree stated that "from the facts set up in the cross bill of Cecelia Lisauis, and admitted by the said Frank Lisauis, pursuant to his motion for a decree upon the pleadings, the said Cecelia Lisauis is entitled to a decree in accordance with her cross bill," and awarded plaintiff the sum deposited in court. The motion of defendant Frank Lisauis to dismiss Cecelia Lisauis' amended cross bill was not an admission by him of the alleged facts set up by plaintiff, except for the purposes of the motion.

No proofs were taken in the case. Upon examination of the pleadings plaintiff was required to prove execution and notification of the alleged change of beneficiary. The court was in error in entering a decree upon the pleadings. The decree entered is reversed and the case remanded to the circuit court for hearing on proofs. Costs to defendant Frank Lisauis.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.